IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LAWRENCE R. GROSS,

                          Petitioner,

          v.                                    CASE NO. 05-3425-SAC

STATE OF KANSAS, et al.,

                          Respondents.


**O R D E R**

This mater is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254.  Petitioner proceeds with counsel and has submitted the full filing fee. Having reviewed the habeas application, the court finds this matter is subject to being summarily dismissed as time barred.

Petitioner alleges constitutional error in his 1973 state murder conviction from which he took no direct appeal.  Following enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, a one year limitation period applies to a habeas corpus petition filed by a prisoner confined pursuant to a state court judgment.  28 U.S.C. 2244(d)(1).  The running of this one year limitation period is subject to tolling for pursuit of state post-conviction relief or other collateral review.  *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).  Any petitioner confined pursuant to a state court judgment that became final prior to AEDPA was granted one year from AEDPA's enactment date to seek habeas

Dockets.Justia.com

corpus relief in federal court.  Miller v. Marr, 141 F.3d 976 (10th Cir. 1998).  Thus in the present case, petitioner had one year from April 24, 1996, to seek relief in federal court, or to toll the running of that limitation period by properly filing a state post-conviction action and appeal therefrom.

However, petitioner identifies no action filed in the state courts until September 2002 when he filed a motion pursuant to K.S.A. 22-3210(d) to withdraw his plea.  The denial of relief on that motion became final on January 27, 2005, when the Kansas Supreme Court denied further review.

Notwithstanding petitioner's filing of the instant action within a year from the final denial of relief on his state court motion, petitioner's application for relief under 28 U.S.C. 2254 clearly appears time barred because the limitation period had already expired prior to petitioner's filing of his state court motion.  *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for state post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).  Nor does petitioner identify any factual predicate to his claims that might warrant the running of the limitation period from a more recent date.  *See* 28 U.S.C. 2244(d)(1)(D)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").

Accordingly, the court directs petitioner to show cause why

the petition for habeas corpus relief should not be dismissed as untimely.

IT IS THEREFORE ORDERED that petitioner is granted thirty (30) days to show cause why this matter should not be dismissed due to petitioner's failure to commence this action within the one-year limitation period under 28 U.S.C. 2244(d).  The failure to file a timely response may result in the dismissal of this matter without further prior notice.

**IT IS SO ORDERED.**

DATED:  This 10th day of November 2005 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge