IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAWRENCE R. GROSS,**

                      **Petitioner,**

        v.                                    **CASE NO. 05-3425-SAC**

**STATE OF KANSAS, et al.,**

                      **Respondents.**

**O R D E R**

Petitioner proceeds with counsel on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. By an order dated November 10, 2005, the court directed petitioner to show cause why this action should not be dismissed as time barred. Having reviewed the record which includes petitioner's response, the court finds this matter should be dismissed.

Petitioner alleges constitutional error in his 1973 state murder conviction from which he took no direct appeal. The one year limitations period for seeking relief under § 2254 began running on April 26, 1996. 28 U.S.C. § 2244(d)(1); Miller v. Marr, 141 F.3d 976 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). Thus petitioner had one year from that date to seek relief in federal court, or to toll the running of that limitations period by properly filing a state post-conviction action and appeal therefrom. This one year limitations period expired well before petitioner sought relief in the state court in September 2002 by filing a motion pursuant to withdraw his plea, K.S.A. 22-3210(d). Because no statutory tolling under 28

U.S.C. § 2244(d)(2) resulted from this state court motion, and because petitioner identified no other date from which the limitations period might run, *see* 28 U.S.C. § 2244(d)(1)(A)-(D), the court directed petitioner to show cause why the instant petition should not be dismissed as time barred.

In response, petitioner contends he is advancing a substantive mental competency claim which is not subject to a procedural bar for federal habeas review, citing <u>Rogers v. Gibson</u>, 173 F.3d 1278 (10th Cir. 1999), *cert. denied*, 528 U.S. 1120 (2000). The court finds no merit to this contention.

The procedural default doctrine bars a federal court's review of a state prisoner's federal claim where the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim and the prisoner cannot cure that failure because state-court remedies are no longer available. *See* <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the exhaustion doctrine); <u>Coleman v. Thompson</u>, 501 U.S. 722, 732 (1991)(anticipatory procedural default recognized). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." <u>Id</u>. at 749. To be excused from procedural default on the basis of the fundamental miscarriage of

2

justice exception, petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).

In the instant case, petitioner seeks relief on a claim that his plea in 1973 was not knowing and voluntary because he suffered from a serious mental disorder[1] at the time. Petitioner argues manifest injustice will result if this claim is not considered with a hearing in federal court.

At issue in the instant case, however, is the timeliness of petitioner's § 2254 application, not whether federal habeas review of a timely filed petition (as in Rogers) is barred by a petitioner's procedural default in presenting his claims to the state courts. Courts do not recognize an actual innocence exception to the one-year limitations period in 28 U.S.C. § 2244(d)(1). Balsewicz v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005), *cert. denied*, __ S.Ct. __ (January 17, 2006). Instead, a claim of actual innocence must be presented in conjunction with a claim for equitable tolling of the limitations period. Id. at 1033. *See also* Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1268 (10th Cir. 1996)(equitable tolling based on mental incapacity is limited to "exceptional circumstances").

Here, petitioner demonstrates no extraordinary circumstances beyond his control that made it impossible for him to seek relief in a more timely and diligent manner. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only

---

[1] The record documents that petitioner has Wilson's disease, a genetically transmitted disorder affecting copper metabolism in the body.

3

available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001). Mere allegations of incompetency at the time of his guilty plea do not warrant equitable tolling of the limitations period in 28 U.S.C. § 2244(d)(1). Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002). Moreover, petitioner documents the assistance of counsel and of a mental health professional prior to his 1994 parole hearing. This documentation, including correspondence from petitioner, addresses both the effect of Wilson's disease on petitioner's past behavior and the success in treatment once the disorder was diagnosed. Petitioner advances no explanation why he failed, especially after the passage of the Antiterrorism and Effective Death Penalty Act on April 24, 1996, to use this information and documentation to challenge the validity of his 1973 plea.

Accordingly, finding no basis for statutory or equitable tolling of the limitations period in 28 U.S.C. § 2244(d)(1), the court concludes the petition should be dismissed as time barred.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is dismissed as time barred.

**IT IS SO ORDERED.**

DATED: This 8th day of February 2005 at Topeka, Kansas.

        s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge